SEALED BY ORDER Ok to file
OF THE COURT under seal.

MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

JEFF SCHENK (CABN 234355)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    FAX: (408) 535-5066
    Jeffrey.b.schenk@usdoj.gov

Attorneys for United States of America

Filed
APR 09 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

**PARTIALLY UNSEALED BY ORDER OF THE COURT ON JULY 29, 2015 (ECF NO. 32)**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE TELEPHONE INFORMATION NEEDED FOR A CRIMINAL INVESTIGATION | CR 15 90304 MISC<br>APPLICATION<br>(UNDER SEAL) HRL |

A.     **INTRODUCTION**

    I, Jeff Schenk, an Assistant United States Attorney in the Northern District of California, hereby apply to the Court for an order:

    1.     Pursuant to 18 U.S.C. §§ 3122 and 3123, authorizing installation and use of a pen register and trap and trace device,[1] on the instrument or facility currently utilizing the following subject telephone numbers, (hereinafter, the "Target Devices"):

[redacted]

Application (UNDER SEAL)

1

1  
2       Service provider:         Verizon Wireless  
3  
4  
5       Service provider:         AT&T Wireless  
6  
7  
8       Service provider:         Verizon Wireless  
9  
10  
11      Service provider:         AT&T Wireless  
12  
13  
14      Service provider:         Verizon Wireless  
15  
16  
17      Service provider:         Verizon Wireless  
18  
19  
20      2.      Pursuant to 18 U.S.C. §§ 2703(c), 2703(d), 3122, and 3123, directing Adelphia
21  Communications, Adelphia Long Distance, Allegiance Telecom of California, Inc., Astound, AT&T
22  California, AT&T Local Service, AT&T Long Distance, AT&T Midwest, AT&T Nevada, AT&T
23  Southwest, Bell South Telecommunications, Broadwing Communications, Cellco Partnership doing
24  business as Verizon Wireless, Cellular One, Central Wireless Partnership doing business as Sprint PCS,
25  Cingular Wireless, Comcast, Cox Communications, Dobson Cellular, Dobson Communications, Edge
26  Wireless LLC, Electric Lightwave Inc., Embarq, Ernest Communications, Evans Telephone Company,
27  Frontier: A Citizens Communications Company, Genesis Communications International, ICG
28  Communications, ICG Telecom Group, Locus Communications, Metrocall, Metro PCS, Mpower,

Application (UNDER SEAL)

2

1  Nationwide Paging, Navigator Telecommunications LLC, Network Services LLC, Nextel
2  Communications, NII Communications, Pac West Telecomm Incorporated, Qwest Communications,
3  RCN Communications, Roseville Telephone Company, Skype, Sprint-Nextel, TelePacific
4  Communications, Teligent, Time-Warner Telecom, T-Mobile USA Inc., USA Mobility, US Cellular, US
5  TelePacific Corp. doing business as TelePacific Communications, Verizon California, Verizon District
6  of Columbia, Verizon Maryland, Verizon New Jersey, Verizon New York, Verizon Northwest, Verizon
7  Texas, Vonage, Weblink Wireless, West Coast PCS LLC doing business as Sure West Wireless,
8  Western Wireless Corporation, XO Communications, and any and all other telephone service providers[2]
9  (including any nternet service provider or other electronic communications provider providing voice-
10 over IP telephony [VoIP])[3] (collectively, "the Telephone Service Providers"), to disclose or provide,
11 upon oral or written demand by agents of the Federal Bureau of Investigation (hereinafter the
12 "Investigative Agency"),
13         a.     For the Target Devices, records or other information pertaining to subscribers or
14 customers, including cell site information[4] and toll or call detail records[5] (including in two-way radio

---

[2]  The reference to "any and all other telephone service providers" is necessary so that the Court order is still effective in the event that the Target Device is transferred to another carrier pursuant to "Local Number Portability" ("LNP"). LNP allows a telephone user to change his telephone company but still keep the same telephone number. However, to transfer (i.e. "port") a telephone number pursuant to LNP, the subscriber information must remain the same.

[4]  A cell phone must send a radio signal to an antenna tower which, in turn, is connected to the provider's network. The area covered by the tower varies depending, inter alia, on the population density of the area. This area is often divided into thirds, or 120 degree sectors. "Cell site information" as used in this Application refers to the antenna tower and sector to which the cell phone sends its signal. This includes the physical location and/or address of the cellular tower and identification of the particular sector of the tower receiving the signal. This information does not provide the specific or precise geographical coordinates of the Target Device.

feature mode) for the sixty (60) days prior to the date the Order is filed by the Court[6] (but not including the contents of communications).

[black redaction covering lines 3-28]

Application (UNDER SEAL)

4

1
2

3  3. This Application does not seek (1) any cell site information that might be available
4  when the Target Devices are turned "on" but a call is not in progress; (2) information that would allow
5  the government to triangulate[11] multiple antenna tower locations and thereby attempt to determine the
6  precise location of the users of the Target Devices, even if such location could be determined by said
7  technique; or (3) Global Positioning System (GPS) [12] information regarding the location of the Target
8  Devices, even if that technology is built into the Target Devices.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Application (UNDER SEAL)

5