1  MELINDA HAAG (CABN 132612)
   United States Attorney

2

3  DAVID R. CALLAWAY (CABN 121782)
   Chief, Criminal Division

4  J. DOUGLAS WILSON (DCBN 412811)
   JEFFREY SCHENK (CABN 234355)

5  Assistant United States Attorneys

6       150 Almaden Boulevard, Suite 900
        San Jose, California 95113

7       Telephone: (408) 535-5061
        FAX: (408) 535-5066

8       Jeffrey.b.schenk@usdoj.gov

9  Attorneys for United States of America

10

                   UNITED STATES DISTRICT COURT

11

                 NORTHERN DISTRICT OF CALIFORNIA

12

                        SAN JOSE DIVISION

13

14  IN RE: APPLICATION FOR TELEPHONE      )  No. CR 15-90304 MISC LHK
    INFORMATION NEEDED FOR A              )
15  CRIMINAL INVESTIGATION                )
                                          )  APPEAL OF DENIAL OF APPLICATION FOR
16                                        )  TELEPHONE INFORMATION NEEDED FOR A
                                          )  CRIMINAL INVESTIGATION
17                                        )
                                          )
18                                        )
    _____)

19

20

21

22

23

24

25

26

27

28

APPEAL OF DENIAL OF CELL SITE INFORMATION
NO. CR 15-90304 MISC LHK

1

## TABLE OF CONTENTS

2   A.  Background ..............................................................................................................................1

3             1.      Cell Site Information and Orders under Section 2703(d) .......................................1

4             2.      Magistrate Judge Lloyd's Order ...........................................................................2

5   B.  Cell site orders under § 2703(d) do not violate the Fourth Amendment. ...............................3

6             1.      A cell phone customer has no reasonable expectation of privacy in cell
                     site records ............................................................................................................3

7

8             2.      Cell site records constitute business records subject to compulsory
                     process...................................................................................................................6

9             3.      The concurrence in Jones does not bar issuance of a cell site order........................7

10            4.      The Supreme Court's decision in Riley does not affect cell site
                     information.............................................................................................................8

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPEAL OF DENIAL OF CELL SITE INFORMATION
NO. CR 15-90304 MISC LHK                i

1

**TABLE OF AUTHORITIES**

2

**FEDERAL CASES**

3  *Branzburg v. Hayes*, 408 U.S. 665 (1972) ....................................................................... 7

4  Donaldson v. United States, 400 U.S. 517 (1971) ........................................................... 7

5  In re Application of U.S. for Historical Cell Site Data, 724 F.3d 600 (5th
     Cir. 2013) ................................................................................................................. 3, 5, 6

6

7  *In re Application of U.S.*, 849 F. Supp. 2d 177 (D. Mass. 2012) ................................... 8

8  In re Smartphone Geolocation Data Application, 2013 WL 5583711
     (E.D.N.Y. May 1, 2013) ............................................................................................... 8

9

10 In re U.S. Application for the Release of Historical Cell-Site Information,
     809 F. Supp. 2d 113 (E.D.N.Y. 2011) ....................................................................... 8

11

12 Oklahoma Press Publishing Co. v. Walling, 327 U.S. 186 (1946) ................................ 6

13 Reporters Comm. for Freedom of the Press v. Am. Tel. & Tel. Co., 593
     F.2d 1030 (D.C. Cir. 1978) .......................................................................................... 5

14

15 *Riley v. California*, 134 S. Ct. 2473 (2014) ..................................................................... 8

16 *SEC v. Jerry T. O'Brien, Inc.,* 467 U.S. 735 (1984) ....................................................... 7

17 *Smith v. Maryland*, 442 U.S. 735 (1979) ................................................................. 4, 5, 7

18 *United States v. Davis*, 573 F. App'x. 925 (11th Cir. 2014) ......................................... 3

19 *United States v. Davis*, 754 F.3d 1205 (11th Cir. 2014) ................................................ 3

20 *United States v. Dorsey*, 2015 WL 847395 (C.D. Cal. Feb. 23, 2015) ........................ 8

21 *United States v. Forrester*, 512 F.3d 500 (9th Cir. 2008) .......................................... 4, 5

22 United States v. Golden Valley Elec. Ass'n, 689 F.3d 1108 (9th Cir. 2012) ............... 6

23 *United States v. Graham*, 846 F. Supp. 2d 384 (D. Md. 2012) .................................... 8

24 *United States v. Jones*, 132 S. Ct. at 961 (2012) ................................................... 6, 7, 8

25 *United States v. Jones*, 132 S. Ct. 945 (2012) ............................................................... 7

26 *United States v. Miller*, 425 U.S. 443 (1976) ......................................................... 3, 4, 7

27 *United States v. Moreno–Nevarez*, 2013 WL 5631017 (S.D. Cal. Oct. 2,
     2013) ............................................................................................................................... 8

28

1    *United States v. Rigmaiden*, 2013 WL 1932800 (D. Ariz. May 8, 2013) .................................................. 8

2    *United States v. Ruby*, 2013 WL 544888 (S.D. Cal. Feb. 12, 2013) ........................................................ 8

3    *United States v. Salas*, 2013 WL 4459858 (E.D. Cal. Aug. 16, 2013) ..................................................... 8

4    *United States v. Velasquez*, 2010 WL 4286276 (N.D. Cal. Oct. 22, 2010) ............................................... 5

5    *United States v. Watson*, 423 U.S. 411 (1976) ....................................................................................... 8

6    **FEDERAL STATUTES**

7    18 U.S.C. § 2703(c)(1) ............................................................................................................................. 1

8    18 U.S.C. § 2703(d) ...................................................................................................................... 1, 2, 6, 8

9    18 U.S.C. §§ 3122 ................................................................................................................................. 1, 2

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    The government submitted, under seal, an application for an order under 18 U.S.C. §§ 3122 and

2  3123 and 18 U.S.C. § 2703(d) seeking, among other things, cell site information for several particular

3  individuals.  On April 9, 2015, Magistrate Judge Howard R. Lloyd denied the application in an order

4  that found that "in order to get cell site information, prospective or historical, the government must

5  obtain a search warrant under Rule 41 on a showing of probable cause."  The government appeals Judge

6  Lloyd's Order to this Court to the extent Judge Lloyd denied the government historical cell site

7  information.

8    **A.    Background**

9      **1.    Cell Site Information and Orders under Section 2703(d)**

10    Cell site information consists of records of a provider of cell phone service as to the cell tower

11  and segment a particular cell phone used when making a particular call at a specific time.  Because the

12  cell phone tower used by a cell phone is usually the closest tower to the cell phone, cell site information

13  ordinarily gives an approximate location for a cell phone if the cell phone is in use.  Cell site information

14  does not provide a precise location for the cell phone at issue.  As a general matter, cell phone providers

15  compile cell site information for the beginning and end of a call, and, accordingly, if a cell phone relies

16  on several cell towers during the course of a call, cell site information may not capture approximate

17  location information for the cell phone throughout the call.  Cell phone providers maintain cell site

18  information for their own purposes, including billing and advertising, and not because the government

19  mandates the compilation of such information; no federal law requires a company to create or keep cell

20  site records.  Cell site information can either be historical or prospective.  Historical cell site information

21  seeks records of calls that have already occurred; prospective cell site information seeks information

22  about calls as they occur.  Cell site information does not include the content of any communication.

23    Under 18 U.S.C. § 2703(c)(1), the United States may require a provider of electronic

24  communication service to disclose "a record or other information pertaining to a subscriber to or

25  customer of such service (not including the contents of communications)" when it obtains a § 2703(d)

26  order.  Under § 2703(d), a court may issue an order for "a record or other information pertaining to a

27  subscriber to or customer" of "a provider of electronic communication service or remote computing

28  company" if the government provides to the court "specific and articulable facts showing that there are

1   reasonable grounds to believe that…the records or other information sought, are relevant and material to

2   an ongoing criminal investigation."

3       For many years, the government in this District has submitted applications under § 2703(d),

4   usually in combination with a request under § 3122 for a pen register/trap and trace authority, to obtain

5   cell site information.  Sometimes the applications seek only historical cell site information, and

6   sometimes they seek both historical and prospective cell site information.  The application in this case

7   sought both historical and prospective cell site information.

8       Until Judge Lloyd declined to sign a request under § 2703(d), magistrate judges in this district

9   have signed § 2703(d) orders authorizing a cell phone company to provide historical cell site

10  information without requiring the government to show probable cause.  In an order issued in *United*

11  *States v. Cooper*, No. CR 13-00693 SI, however, Judge Illston found that a cell phone user has a right of

12  privacy in historical cell site information, and that Congress could not have intended § 2703 to be used

13  to gather that information absent a showing of probable cause.  This Court has found Judge Illston's

14  order "persuasive."  *See United States v. Hitesman*, No. CR 14-00010 (Hearing on March 25, 2010).

15  ### 2.    Magistrate Judge Lloyd's Order

16      The government submitted to Judge Lloyd an application for a "hybrid" order.  Under that order,

17  the government seeks both pen register/trap and trace information under 18 U.S.C. §§ 3122 and 3123,

18  and cell site information under 18 U.S.C. § 2703(d).  As noted, the order sought both historical and

19  prospective cell site information.  The application sought historical cell site data for 60 days prior to the

20  signing of the order, and prospective cell site date for 60 days from the signing of the order.

21      Judge Lloyd expressed skepticism that Section 2703(d) allowed the government to obtain

22  prospective cell site information, but the court did not rest its argument on that ground.  Instead, the

23  court observed that "cell site location information implicates a person's constitutional right to privacy."

24  Order at 4.  Although Judge Lloyd noted that "[t]he interplay between the bounds of a person's

25  expectation of privacy as it relates to his/her physical location and the government's ability to obtain cell

26  phone-related information without a search warrant is not settled," Order at 4, he concluded that cell site

27  information was sufficiently similar to information from a tracking device that it required a search

28  warrant supported by probable cause.  Order at 4-5.  Judge Lloyd noted that he found Judge Illston's

APPEAL OF DENIAL OF CELL SITE INFORMATION
NO. CR 15-90304 MISC LHK                    2

1   analysis in *Cooper* "very persuasive."  Order at 5.

2   **B.      Cell site orders under § 2703(d) do not violate the Fourth Amendment.**

3   Judge Lloyd erred because a person has no right to privacy in historical cell site information.[1]

4   That information is supplied to cell phone providers, which maintain it as a business record.

5   Accordingly, the government may obtain cell site information using an order under § 2703(d).

6   The Fifth Circuit has directly held that the Fourth Amendment does not require the government

7   to show probable cause before obtaining historical cell site information from a cell phone provider,

8   because the cell phone user has no expectation of privacy in information that is conveyed when a call is

9   made or received and kept by the cell phone provider for business reasons.  *In re Application of U.S. for*

10  *Historical Cell Site Data*, 724 F.3d 600, 608-15 (5th Cir. 2013) (*In re Application*).  Instead, an order

11  under § 2703(d) is sufficient.  In addition, because a historical cell site record is a business record

12  generated and stored by a cell phone company at the company's own discretion, it does not implicate the

13  Fourth Amendment and instead is subject to only the reasonableness requirements applicable to

14  compulsory process.  No circuit court of appeals has held to the contrary, and the most recent court of

15  appeals decision to address the issue, *United States v. Davis*, 754 F.3d 1205 (11th Cir. 2014), has been

16  vacated and reheard by the court of appeals en banc.  *See United States v. Davis*, 573 F. App'x. 925

17  (11th Cir. 2014).  Davis is pending en banc review.

18  **1.      A cell phone customer has no reasonable expectation of privacy in cell site records**

19

20  In *United States v. Miller*, 425 U.S. 443 (1976), the Supreme Court rejected a Fourth

21  Amendment challenge to a third-party subpoena for bank records, explaining that the bank's records are

22  business records of the bank, not private papers of the customer, and that the customer "can assert

23  neither ownership nor possession" in the records.  *Miller*, 425 U.S. at 440.  In rejecting the challenge to

24

25  [1] The government submits that a person also has no right to privacy in prospective cell site information.

26  In both cases, the government is simply asking the cell phone company to provide information that the cell phone user provides to the cell phone company and that the cell phone company gathers as a business record.  Moreover,

27  the government submits that Judge Lloyd is incorrect in stating that § 2703 applies only "to stored electronic information."  Sections 2703(c) and 2703(d) make no reference to "stored" information and broadly apply to any

28  "record or other information pertaining to a subscriber."  As noted, however, the government is not appealing Judge Lloyd's order to the extent it denied the government prospective cell site information.

APPEAL OF DENIAL OF CELL SITE INFORMATION
NO. CR 15-90304 MISC LHK                          3

1  the subpoena, the Court held that "the Fourth Amendment does not prohibit the obtaining of information

2  revealed to a third party and conveyed by him to Governmental authorities, even if the information is

3  revealed on the assumption that it will be used for a limited purpose and the confidence placed in the

4  third party will not be betrayed." *Id*. at 443.

5       The reasoning of *Miller* applies to historical cell site records.  First, historical cell site records are

6  not a customer's private papers.  Once a customer places a call, the customer has no control over cell

7  site records relating to the customer's phone.  Moreover, the customer knows that the call is going

8  through one or more cell towers owned by a third party.  Second, cell site records are business records of

9  the provider.  The choice to create and store cell site records is made by the provider, and the provider

10 controls the format, content, and duration of the records it chooses to create and retain.  By contrast,

11 customers ordinarily do not create or retain records of cell phone calls.  Third, cell site records pertain to

12 transactions to which the cell phone provider was a party.  It is not possible to make a call without a cell

13 phone tower, and the cell phone company assigns the cell tower or towers to each call to facilitate the

14 functioning of its network.

15      *Smith v. Maryland*, 442 U.S. 735 (1979), confirms the conclusion that cell phone users have no

16 expectation of privacy in cell site records.  In *Smith*, the telephone company installed a pen register at

17 the request of the police to record numbers dialed from defendant's telephone.  The Supreme Court held

18 that telephone users had no expectation of privacy in dialed telephone numbers and that any such

19 expectation of privacy is not one that society is prepared to recognize as reasonable. *Id*. at 742-44.  The

20 Court found that telephone users did not have an expectation of privacy even though the caller did not

21 necessarily know what happened to a call after it was dialed.  Similarly, cell phone users usually

22 understand that they must send a signal and that it is received by a cell company's cell tower when the

23 company routs the call to its intended recipient, but they may not know that the cell phone provider uses

24 cell towers and compiles information about the calls made and received.  Accordingly, like the dialer of

25 a telephone in *Smith*, a cell phone user voluntarily transmits a signal to a cell tower.

26      In *United States v. Forrester*, 512 F.3d 500, 510 (9th Cir. 2008), the Ninth Circuit applied this

27 reasoning to the to/from addresses of e-mail messages and the IP addresses of websites visited.  Relying

28 on *Smith*, the court held that indivuals have no expectation of privacy in either e-mail to/from addresses

APPEAL OF DENIAL OF CELL SITE INFORMATION
NO. CR 15-90304 MISC LHK                                4

1  or the IP addresses of visited websites because "they should know that this information is provided to

2  and used by Internet service providers for the specific purpose of directing the routing of information."

3  *Id.*; *see also United States v. Velasquez*, 2010 WL 4286276, at *5 (N.D. Cal. Oct. 22, 2010) (denying

4  motion to suppress historical cell site data).  The Supreme Court has never overruled *Miller* and *Smith*,

5  and the Ninth Circuit has never overruled *Forrester*, and they remain governing law.

6      Moreover, *Smith* evaluated the information voluntarily disclosed to the phone company from the

7  standpoint of a knowledgeable telephone user.  The Court reasoned that based on a telephone book

8  statement that the phone company could help identify "the origin of unwelcome or troublesome calls,"

9  customers "typically know" many of the facts revealed by use of pen registers.  *Smith*, 442 U.S. at 742-

10  43.  Today, cell phone companies provide far more explicit notice to customers that they collect

11  customers' location information.  All of the major cell phone companies inform cell phone customers

12  that the cell phone company will collect location information from customers and provide it to law

13  enforcement to comply with court orders.  For example, the AT&T privacy policy informs customers,

14  both in the policy and in frequently asked questions about the policy, that AT&T will collect location

15  information about "where your wireless device is located."

16  http://www.att.com/Common/about_us/privacy_policy/print.html; *see* http://www.att.com/gen/privacy-

17  policy?pid+13692#menu (stating in frequently asked questions about its privacy policy that AT&T

18  collects "the whereabouts of your wireless device"); *see also* http://www.t-

19  mobile.com//company/website/privacypolicy.aspx (noting that T-Mobile may collect location

20  information and share it with law enforcement in response to legal process).  Under the reasoning of

21  *Smith*, customers voluntarily disclose cell site records in light of these policies.

22      As the Fifth Circuit held, when an individual shares information with a third party, "'[h]e cannot

23  expect that these activities are a private affair.'"  *In re Application*, 724 F.3d at 610 (quoting *Reporters*

24  *Comm. for Freedom of the Press v. Am. Tel. & Tel. Co.*, 593 F.2d 1030, 1043 (D.C. Cir. 1978)).  Nor

25  does a customer have a right to control the information after it is conveyed to the cell phone company;

26  instead, that information becomes a record of the cell phone company.  *Id.* at 611.  Here, because

27  customers know, or are on notice, that cell phone companies must obtain their location information to

28  connect cell phone calls, they voluntarily convey location information to cell phone companies.  *See In*

APPEAL OF DENIAL OF CELL SITE INFORMATION
NO. CR 15-90304 MISC LHK                    5

1   *re Application*, 724 F.3d at 614.

2           **2.       Cell site records constitute business records subject to compulsory process**

3           A second reason that Judge Lloyd erred is that a historical cell site record "is clearly a business

4   record" of the cell phone provider.  *In re Application*, 724 F.3d at 612.  As the Fifth Circuit explained,

5   "[t]he cell service provider collects and stores historical cell site data for its own business purposes,

6   perhaps to monitor or optimize service on its network or to accurately bill its customers for the segments

7   of its network that they use."  *Id.* at 611-12; *see United States v. Jones*, 132 S. Ct. at 961 (Alito J.,

8   concurring) (government has not "required or persuaded" providers to keep historical cell site records).

9   In short, "these are the providers' own records of transactions to which it is a party."  *In re Application*,

10  724 F.3d at 612; *see also United States v. Golden Valley Elec. Ass'n*, 689 F.3d 1108, 1116 (9th Cir.

11  2012) (upholding subpoena for power company records and stating that "[a] customer ordinarily lacks 'a

12  reasonable expectation of privacy in an item,' like a business record, 'in which he has no possessory or

13  ownership interest'").

14          Business records ordinarily may be obtained by a subpoena.  In fact, the Supreme Court has

15  never held that the government must obtain a warrant to obtain information from a third party holding it

16  as a business record.  Like a subpoena, a § 2703(d) order compels the recipient to produce specific

17  information; the recipient may move to quash, and the order remains at all times under the supervision

18  of the issuing court.  Therefore, a § 2703(d) order is, like a subpoena, a form of compulsory process.

19          The Fourth Amendment sets a reasonableness standard for compulsory process; it requires

20  probable cause only for a warrant.  As the Supreme Court has held, the Fourth Amendment, "if

21  applicable [to a subpoena], at the most guards against abuse only by way of too much indefiniteness or

22  breadth in the things required to be 'particularly described.'…The gist of the protection is the

23  requirement, expressed in terms, that the disclosure shall not be unreasonable."  *Oklahoma Press*

24  *Publishing Co. v. Walling*, 327 U.S. 186, 208 (1946); *see Golden Valley Elec. Ass'n*, 689 F.3d at 1115-

25  16.  Because subpoenas are subject only to a reasonableness requirement, the Eleventh Circuit panel

26  erred in imposing a probable cause requirement for compelled disclosure of historical cell site records.

27          Finally, the government's ability to subpoena business records collected by a business at its own

28  discretion is not limited to records "voluntarily disclosed" to the business.  The subpoena power is

APPEAL OF DENIAL OF CELL SITE INFORMATION
NO. CR 15-90304 MISC LHK                              6

1   grounded in the long-standing principle that the government has the right to every witness's non-

2   privileged testimony.  *See Branzburg v. Hayes*, 408 U.S. 665, 688 (1972).  When a company acting on

3   its own discretion chooses to store business records that later prove relevant to a criminal investigation,

4   it essentially functions as a witness, and no warrant is required to obtain information from a witness.

5          It is true that in *Miller* and *Smith*, the Supreme Court considered whether the information

6   obtained by the government was voluntarily disclosed to the businesses, but both of those cases involved

7   information collected or maintained at the behest of the government.  In *Miller*, the government issued

8   subpoenas for records that a third-party bank was required to keep pursuant to federal law.  *See* 425 U.S.

9   at 436, 441.  Similarly, the phone company in *Smith* installed a pen register "at police request," and the

10  resulting records generated information about local calls that would not ordinarily have been preserved

11  under then-prevailing billing practices.  *See* 442 U.S. at 745.  In other business records cases in which

12  the records were collected at the business's discretion, the Supreme Court has not considered whether

13  the information was voluntarily disclosed.  *See, e.g., SEC v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 744

14  n.11 (1984) (noting that "any Fourth Amendment claims that might be asserted by respondents are

15  substantially weaker than those of the bank customer in Miller because respondents, unlike the

16  customer, cannot argue that the subpoena recipients were required by law to keep the records in

17  question"); *Donaldson v. United States*, 400 U.S. 517, 522-23 (1971) (holding that taxpayer was not

18  entitled to intervene in proceeding to enforce summons for his employment records and stating "what is

19  sought here by the Internal Revenue Service . . . is the production of Acme's records and not the records

20  of the taxpayer").  Because cell site records are collected and stored at the discretion of the cell phone

21  company, their compelled disclosure is analyzed for Fourth Amendment purposes pursuant to the

22  reasonableness standard applicable to subpoenas.

23          **3.      The concurrence in Jones does not bar issuance of a cell site order**

24          In *United States v. Jones*, 132 S. Ct. 945 (2012), the Court held that the placement of a GPS

25  tracking device on an automobile violated the Fourth Amendment because it constituted a trespass on

26  the vehicle owner's effects.  Justice Alito, joined by three other Justices, concurred in the judgment, but

27  argued that the month-long monitoring of the defendant's location violated the Fourth Amendment

28  because it constituted an improper invasion of privacy.  *Jones*, 132 S. Ct. 957-64 (Alito, J., concurring).

APPEAL OF DENIAL OF CELL SITE INFORMATION
NO. CR 15-90304 MISC LHK                           7

1    Justice Alito's concurrence addresses monitoring by the government, however; nothing in it limits the

2    scope of information the United States may obtain from a witness.  In fact, the majority of courts that

3    have ruled after *Jones* have likewise found that a cell phone user has no expectation of privacy in the

4    cell phone's location.  *See United States v. Dorsey*, 2015 WL 847395, at *7 (C.D. Cal. Feb. 23, 2015);

5    *United States v. Moreno–Nevarez*, 2013 WL 5631017, at *2 (S.D. Cal. Oct. 2, 2013); *United States v.*

6    *Salas*, 2013 WL 4459858, at *3 (E.D. Cal. Aug. 16, 2013); *In re Smartphone Geolocation Data*

7    *Application*, 2013 WL 5583711, at *14 (E.D.N.Y. May 1, 2013); *United States v. Rigmaiden*, 2013 WL

8    1932800, at *8 (D. Ariz. May 8, 2013); *United States v. Ruby*, 2013 WL 544888, at *6 (S.D. Cal. Feb.

9    12, 2013); *United States v. Graham*, 846 F. Supp. 2d 384, 387 (D. Md. 2012); *In re Application of U.S.*,

10   849 F. Supp. 2d 177, 177-79 (D. Mass. 2012).  But see *In re U.S. Application for the Release of*

11   *Historical Cell-Site Information*, 809 F. Supp. 2d 113 (E.D.N.Y. 2011) (pre-Jones decision holding that

12   a warrant is required to compel disclosure of historical cell site records).

13          Moreover, the majority held that the installation of the GPS was a trespass; it did not endorse

14   Justice Alito's view that an improper invasion of privacy occurred.  In any event, Justice Alito's

15   concurring opinion actually supports the lawfulness of obtaining historical cell site records with a

16   § 2703(d) order.  The Alito concurrence favors deference to Congress in resolving privacy issues

17   involving modern technology: "In circumstances involving dramatic technological change, the best

18   solution to privacy concerns may be legislative.…A legislative body is well situated to gauge changing

19   public attitudes, to draw detailed lines, and to balance privacy and public safety in a comprehensive

20   way." *Jones*, 132 S. Ct. at 964 (Alito J., concurring); *see also United States v. Watson*, 423 U.S. 411,

21   416 (1976) (recognizing "a strong presumption of constitutionality" to federal statutes challenged on

22   Fourth Amendment grounds).  In the Stored Communications Act, including § 2703(d), Congress has

23   enacted legislation controlling government access to historical records of cell-phone providers. When

24   the government seeks historical cell site records using a § 2703(d) order, it complies with this statute.

25          **4.      The Supreme Court's decision in Riley does not affect cell site information.**

26          In *Riley v. California*, 134 S. Ct. 2473 (2014), the Supreme Court held that a warrant is

27   ordinarily necessary before police officers search a cell phone incident to the cell phone user's arrest for

28   the content on that cell phone.  The Court made clear, however, that its decision did not address whether

APPEAL OF DENIAL OF CELL SITE INFORMATION

1  a search subject to probable cause had occurred.  To the contrary, the Court cited *Smith* and noted that it

2  did not involve a search under the Fourth Amendment, and it did not suggest that *Smith* or *Miller* was no

3  longer valid.  Nor did the Court suggest that a cell phone provider's supplying of historical cell site

4  information constitutes a search requiring a showing of probable cause.  Accordingly, the Court's

5  decision has no bearing on this case.

6                                                                        * * *

7            The government appeals Judge Lloyd's order only to the extent that it denied the government

8  historical cell site information.  Accordingly, the Court should remand to Judge Lloyd with instructions

9  to issue an order allowing the government to obtain historical cell site information from the company

10  that maintains the target's cell phone records.

11  DATED: April 29, 2015                              Respectfully submitted,

12                                                                MELINDA HAAG
                                                                  United States Attorney
13

14                                                                        /s/
                                                                  J. DOUGLAS WILSON
15                                                                JEFFREY SCHENK
                                                                  Assistant United States Attorneys
16

17

18

19

20

21

22

23

24

25

26

27

28

APPEAL OF DENIAL OF CELL SITE INFORMATION
NO. CR 15-90304 MISC LHK                              9