MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

JEFFREY SCHENK (CABN 234355)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    FAX: (408) 535-5066
    Jeffrey.b.schenk@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: APPLICATION FOR TELEPHONE INFORMATION NEEDED FOR A CRIMINAL INVESTIGATION | No. CR 15-90304 MISC LHK<br><br>SUPPLEMENTAL BRIEFING IN SUPPORT OF UNITED STATES' APPEAL OF DENIAL OF APPLICATION FOR TELEPHONE INFORMATION NEEDED FOR A CRIMINAL INVESTIGATION |

On April 30, 2015, the government filed with this Court an appeal of Judge Lloyd's denial of an application for an order under 18 U.S.C. §§ 3122 and 3123 and 18 U.S.C. § 2703(d) seeking, among other things, historical cell site information for several particular individuals. On May 5, 2015, the Eleventh Circuit joined the Fifth Circuit in holding that the Fourth Amendment does not require the government to show probable cause before obtaining historical cell site information from a cell phone provider, because the cell phone user has no expectation of privacy in information that is conveyed when a call is made or received and kept by the cell phone provider for business reasons. *In re Application of U.S. for Historical Cell Site Data*, 724 F.3d 600, 608-15 (5th Cir. 2013) and *United States v. Davis*, 2015 WL 2058977 (11th Cir. 2015). No circuit court has held to the contrary.

In its opinion released two days ago, the *en banc* Court in *Davis* held that use of a 2703(d) order to compel disclosure of historical cell-site records does not violate the Fourth Amendment.  Of the eleven judges, seven held both: (1) that Davis had no reasonable expectation of privacy in his historical cell-site records and (2) that even if Davis retained some expectation of privacy in his cell-site records, the government's use of a 2703(d) order to compel disclosure of the records was reasonable.  Two additional judges joined the court's reasonableness analysis.  Two judges dissented and would have required a warrant to obtain historical cell-site records.

In determining that Davis had no reasonable expectation of privacy in his cell-site records, the court (as many other courts have done) applied the reasoning of *United States v. Miller*, 425 U.S. 443 (1976) and *Smith v. Maryland*, 442 U.S. 735 (1979).  For example, the court recognized that "like the bank customer in *Miller*, and the phone customer in *Smith*, Davis can assert neither ownership nor possession of the third-party's business records."  Slip op. at 27.  In addition, the court held that even if Davis retained some privacy interest in his cell-site records, the government's use of the 2703(d) order was still reasonable:

> In sum, a traditional balancing of interests amply supports the reasonableness of the § 2703(d) order at issue here. Davis had at most a diminished expectation of privacy in business records made, kept, and owned by MetroPCS; the production of those records did not entail a serious invasion of any such privacy interest, particularly in light of the privacy-protecting provisions of the [Stored Communications Act]; the disclosure of such records pursuant to a court order authorized by Congress served substantial governmental interests; and, given the strong presumption of constitutionality applicable here, any residual doubts concerning the reasonableness of any arguable "search" should be resolved in favor of the government. Hence, the § 2703(d) order permitting government access to MetroPCS's records comports with applicable Fourth Amendment principles and is not constitutionally unreasonable.

Slip op. at 43-44.

The opinion is also noteworthy for its recognition of the privacy-protecting function of the SCA.  The court noted that § 2703(d) imposes a neutral magistrate between citizens and officers, that § 2702 prohibits voluntary disclosure by providers, and that § 2707 prohibits improper disclosure of records obtained under § 2703(d). As the court explained, "[t]he SCA goes above and beyond the constitutional requirements regarding compulsory subpoena process."  Slip op. at 15.

Without citing either Judge Lloyd's denial or Judge Illston's opinion in *United States v. Cooper*,

SUPPLEMENT TO APPEAL OF DENIAL OF CELL SITE INFORMATION
NO. CR 15-90304 MISC LHK                         2

1  No. CR 13-00693 SI, the *en banc* in *Davis* directly answered concerns raised in both.  Beyond relying

2  on the now-overturned three judge opinion in *Davis*, Judge Illston cited society's expectation of privacy

3  in light of rapidly evolving technology.  Judge Lloyd found Judge Illston's analysis "very persuasive"

4  and binding.  The *en banc* in *Davis* acknowledged the ubiquity of cell phones, and the rapidly evolving

5  landscape of technology, but concluded that does not undermine the Supreme Court's pronouncement in

6  Smith:

> Admittedly, the landscape of technology has changed in the years since these binding decisions in Miller and Smith were issued. But their holdings did not turn on assumptions about the absence of technological change. To the contrary, the dispute in Smith, for example, arose in large degree due to the technological advance from call connections by telephone operators to electronic switching, which enabled the electronic data collection of telephone numbers dialed from within a home. See 442 U.S. at 744-45, 99 S. Ct. at 2582-83. The advent of mobile phones introduced calls wirelessly connected through identified cell towers. This cell tower method of call connecting does not require "a different constitutional result" just "because the telephone company has decided to automate" wirelessly and to collect the location of the company's own cell tower that connected the calls. See id. at 744-45, 99 S. Ct. at 2582. Further, MetroPCS's cell tower location information was not continuous; it was generated only when Davis was making or receiving calls on his phone. The longstanding third-party doctrine plainly controls the disposition of this case.

Slip op. at 29-30.

According to Davis, the decision to issue 2703(d) orders only after a showing of probable cause is a change, if one is desired, that must come from Congress, not the courts.  Slip op. at 30-31.

The opinion and reasoning on which Judge Illston, and thus Judge Lloyd, relied has been expressly repudiated by the Eleventh Circuit. The government urges this Court to remand to Judge Lloyd with instructions to issue an order allowing the government to obtain historical cell site information from the companies that maintain the targets' cell phone records.

DATED:      May 7, 2015                                    Respectfully submitted,

                                                           MELINDA HAAG
                                                           United States Attorney


                                                           _____/s/_____
                                                           JEFFREY SCHENK
                                                           Assistant United States Attorney