1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

12
13
14
15
16
17

| IN RE: APPLICATION FOR TELEPHONE INFORMATION NEEDED FOR A CRIMINAL INVESTIGATION | Case No. 15-XR-90304-HRL-1(LHK)<br><br>**ORDER FOR RESPONSE AND CONTINUING HEARING** |
| --- | --- |

18    The government has submitted, under seal, an application for an order pursuant to 18

19  U.S.C. §§ 3122 and 3123 and 18 U.S.C. § 2703(d) seeking cell site location information ("CSLI")

20  for several phone numbers.  *See* ECF No. 2 at 1.  The application sought historical CSLI for sixty

21  (60) days back from the date of the order, as well as prospective CSLI for sixty (60) days going

22  forward.  *See id.* at 2.  In support of the application to U.S. Magistrate Judge Howard R. Lloyd, the

23  government submitted a letter brief on March 17, 2015.  ECF No. 1.

24    On April 9, 2015, Judge Lloyd issued a public order denying the government's application.

25  ECF No. 2.  In that order, Judge Lloyd stated that he found "very persuasive" U.S. District Judge

26  Susan Illston's analysis in *United States v. Cooper*, No. 13-CR-00693-SI-1, 2015 WL 881578

27  (N.D. Cal. Mar. 2, 2015).  ECF No. 2 at 5.  "[U]ntil binding authority says otherwise," Judge

28

United States District Court
Northern District of California

Lloyd concluded, "in order to get cell site information, prospective or historical, the government must obtain a search warrant under Rule 41 on a showing of probable cause."  *Id.*

On April 30, 2015, the government appealed Judge Lloyd's order to the undersigned.  ECF No. 4.  The government elected to appeal Judge Lloyd's denial of the application only with respect to *historical* CSLI.  *See id.* at 1 ("The government appeals Judge Lloyd's Order to this Court to the extent Judge Lloyd denied the government historical cell site information."); *id.* at 3 n.1 ("As noted, however, the government is not appealing Judge Lloyd's order to the extent it denied the government prospective cell site information.").  On May 7, 2015, the government filed a supplemental brief regarding the Eleventh Circuit's en banc decision in *United States v. Davis*, — F.3d —, 2015 WL 2058977 (11th Cir. May 5, 2015), which overruled the original panel opinion cited by Judge Illston in *Cooper*.  ECF No. 5.

Accordingly, the Court hereby ORDERS the Clerk to provide to the Federal Public Defender for the Northern District of California a copy of the following public documents: this order, the government's letter brief to Judge Lloyd (ECF No. 1), Judge Lloyd's order (ECF No. 2), the government's appeal to the undersigned (ECF No. 4), and the government's supplemental brief in support of that appeal (ECF No. 5).  If the Public Defender wishes to file a written response to the arguments made in the government's appeal and supplemental brief, the Public Defender shall do so by June 12, 2015.  The government may file a reply by June 19, 2015.  The hearing on the government's appeal is hereby CONTINUED to Friday, June 24, 2015, at 9:30 a.m.

The central legal question presented is whether the Fourth Amendment to the U.S. Constitution requires that the government obtain a warrant supported by probable cause in order to collect the requested historical CSLI.  As a result, any briefing submitted should address (1) whether the Supreme Court's decisions in *United States v. Miller*, 425 U.S. 435 (1976), and *Smith v. Maryland*, 442 U.S. 735 (1979), control the outcome here; (2) the Eleventh Circuit's en banc decision in *Davis*; and (3) whether if the Court concludes that the Fourth Amendment requires a warrant supported by probable cause, the Court must find any part of the Stored Communications Act unconstitutional.  In addition, at the June 24, 2015 hearing, the government should be

United States District Court
Northern District of California

2

1   prepared to answer questions regarding CSLI technology, including how precise the requested

2   CSLI is and whether the requested CSLI could have been generated when the target cell phones

3   were idle (i.e., neither making or receiving a call or text message) or turned off.

4   **IT IS SO ORDERED.**

5

6   Dated: May 20, 2015

7   _____

8   LUCY H. KOH
    United States District Judge

Case No. 15-XR-90304-HRL-1(LHK)
ORDER FOR RESPONSE AND CONTINUING HEARING