UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: APPLICATION FOR TELEPHONE INFORMATION NEEDED FOR A CRIMINAL INVESTIGATION | Case No. 15-XR-90304-HRL-1(LHK)<br><br>**ORDER UNSEALING GOVERNMENT'S SUPPLEMENTAL FILINGS** |

On June 25, 2015, the Court ordered the government, under seal, "to file the following documents with the Court: (1) the most recent privacy policies for each Telephone Service Provider listed in the government's application; (2) a declaration explaining whether the government would need to file a new application should a Target Device be transferred to a new carrier pursuant to local number portability; and (3) a declaration explaining whether an application for a user's historical cell site location information ("CSLI") made to a specific provider could result in the government obtaining CSLI collected by a provider other than the one to whom the specific request has been made." ECF No. 24 at 1.  The government filed the requested documents on June 29, 2015, and concurrently moved to seal them.  *See* ECF No. 27. That same day, the Court granted the government's sealing motion.  ECF No. 28.

However, having reviewed the government's filings in response to the Court's June 25 order, the Court now concludes that the material submitted is not sealable. The government's response does reference the government's sealed application, but the portion of the application cited does not reveal any information that might jeopardize an ongoing criminal investigation. Rather, one reference is to the target cell phones' carriers, Verizon and AT&T, which are the two largest wireless providers in the United States with over 100 million subscribers each. The other reference is to language in the application the government conceded was "boilerplate," Hr'g Tr. at 54:1, and therefore not unique to the government's investigation. That boilerplate language describes local number portability, a well-known feature allowing cell phone users to change cellular service providers while keeping the same phone number. The government's other submissions are the privacy policies of Verizon and AT&T, which are publicly available and therefore not sealable, as well as an AUSA declaration that generally references the sealed application but does not disclose any information that might jeopardize an ongoing criminal investigation.

Accordingly, the Court hereby ORDERS that the government's supplemental filings dated June 29, 2015 be unsealed.

**IT IS SO ORDERED.**

Dated: July 29, 2015

_____
LUCY H. KOH
United States District Judge